Dana S. Martinez, Esq. (SBN 205453)
Bush Gottlieb, a Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, CA 91203
Telephone: (818) 973-3204
Facsimile: (818) 973-3201
Email: dmartinez@bushgottlieb.com

Diana J. Nobile, Esq. (*Pro Hac Vice* to be Submitted)
John W. Stewart, Esq. (*Pro Hac Vice* to be Submitted)
McGillivary Steele Elkin LLP
1101 Vermont Avenue N.W., Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090
Email: djn@mselaborlaw.com
Email: jws@mselaborlaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC C. INGSTAD, <br><br> JASON W. CHAPMAN, <br><br> ROBERT J. GOERTZEN, <br><br> JASON D. JASGUR, <br><br> TAI T. TRINH, <br><br> SERGIO PARRA. <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR COMPENSATION AND OTHER RELIEF** |

## Preliminary Statement

1. The plaintiffs are current or former employees of the defendant City of Los Angeles, California. This is an action for unpaid compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## Jurisdiction and Venue

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## Parties

4. Plaintiffs are each employees, or former employees, of the defendant City of Los Angeles, at the Los Angeles Fire Department, located in the Central District of California, where they perform the principal job activity of ensuring and promoting public safety for the citizens of Los Angeles.

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as Exhibit A. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

6. The defendant in this action is the City of Los Angeles, California, which has a principal place of business within the City of Los Angeles in the Central District of California.

## Facts

7. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the City of Los Angeles at the Los Angeles Fire Department in various positions, described below, in addition to their assignment as Canine Search Specialists ("CSS").

8. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

9. The defendant City of Los Angeles ("Defendant") is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the Defendant at all relevant times has been aware of the provisions of the FLSA.

10. Defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

11. As a CSS, each plaintiff is responsible for completing countless hours of training to become certified, maintain certification, and to maintain the readiness of their assigned canine. Defendant relies on plaintiffs and their assigned canine to

form canine search teams (a CSS and a canine) and fulfill several critical public safety roles, including during structural collapse incidents, vehicle-over-the-side calls, wide area searches, and various other scenarios. On scene, under the direction of a CSS, canines use their highly sensitive and carefully trained sense of smell to locate survivors such as those who may be buried in rubble or otherwise not visible to the other public safety personnel. Plaintiffs are responsible for maintaining, training, managing, and directing their assigned canine at all times, both on and off the scene of an emergency.

12. Since August 2019, Plaintiff Eric C. Ingstad has worked for Defendant as a Platoon Captain, in addition to his assignment as a CSS. Plaintiff Ingstad works a Platoon Schedule, meaning he is assigned a rotating schedule over a 27-day work period and is therefore scheduled to work and does in fact work 216 hours in a 27-day work period as part of his regular schedule, as well as any additional overtime work. Prior to August 2019, in addition to his assignment as a CSS, Plaintiff Ingstad worked for Defendant as a Heavy Rescue operator and was scheduled to work and did in fact work 40 hours per 7-day workweek as part of his regular schedule, as well as any additional overtime work.

13. In addition to his assignment as a CSS, since October 2019, Jason W. Champan has worked for Defendant as a Paramedic and has been scheduled to work and did in fact work 40 hours per 7-day workweek as part of his regular schedule, as well as any additional overtime work. Prior to October 2019, in addition to his job

duties as a CSS, Plaintiff Champan worked for Defendant on a Platoon Schedule as a Fire Fighter and was scheduled to work and did in fact work 216 hours in a 27-day work period as part of his regular schedule, as well as any additional overtime work.

14. For the last three years, as well as before, in addition to his job duties as a CSS, Plaintiff Robert J. Goertzen has worked for Defendant as a Platoon Captain. Plaintiff Goertzen works a Platoon Schedule, meaning he is assigned a rotating schedule over a 27-day work period and is therefore scheduled to work and does in fact work 216 hours in a 27-day work period as part of his regular schedule, as well as any additional overtime work.

15. For the last three years, as well as before, in addition to his job duties as a CSS, Jason D. Jasgur has worked for Defendant as a Rescue Medic, and was scheduled to work and did in fact work 40 hours per 7-day workweek as part of his regular schedule, as well as any additional overtime work.

16. For the last three years, as well as before, in addition to his job duties as a CSS, Plaintiff Tai T. Trinh worked for Defendant on the Platoon Schedule as a Fire Fighter and was scheduled to work and did in fact work 216 hours in a 27-day work period as part of his regular schedule, as well as any additional overtime work.

17. For the last three years, as well as before, in addition to his job duties as a CSS, Plaintiff Sergio Parra worked for Defendant on a Platoon Schedule as a Fire Fighter and was scheduled to work and did in fact work 216 hours in a 27-day work period as part of his regular schedule, as well as any additional overtime work.

18. In addition to their work performed during their regular tours of duty, as described above, plaintiffs perform at least an additional 5 hours per 7-day workweek (or 20 hours per 27-day work period for plaintiffs assigned to Platoon Schedules) performing duties related to care of their assigned canine, including but not limited to, feeding, caring for, training, walking, and managing their assigned canine.

19. Because of the plaintiffs' shift schedules as set forth above, in any week in which plaintiffs work their regularly scheduled shifts, all of the hours of work alleged in Paragraph 18 are in excess of the applicable overtime threshold under the FLSA.

20. In other words, the plaintiffs assigned to a 40-hour, 7-day workweek, work at least 45 hours per week performing their regular duty assignment and their additional work performing canine care as a CSS. Plaintiffs are only paid straight time for the approximately 5 hours in excess of the 40-hour FLSA overtime threshold for a 7-day workweek, performing the canine care activities described in Paragraph 18.

21. Likewise, plaintiffs assigned to a Platoon Schedule work at least 236 hours in a 27-day work period performing their regular duty assignment and their additional work performing canine care as a CSS. However, they are only paid at straight time for the approximately 20 hours in excess of the 204-hour FLSA

overtime threshold, *see* 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230, performing canine care activities described in Paragraph 18.

22. At all times material herein, Defendant has failed and refused to provide plaintiffs with overtime compensation at one-and-one half times their regular rates of pay for: (a) all hours worked above the 40 hours in a 7-day workweek for plaintiffs working a Non-Platoon Schedule; and (b) all hours worked above 204 hours in a 27-day work period under Section 207(k) of the FLSA for plaintiffs working a Platoon Schedule, thereby violating 29 U.S.C. § 207 of the FLSA.

23. Defendant is aware, because it sets plaintiffs' schedules, that plaintiffs are regularly scheduled to work and in fact do in excess of the applicable overtime threshold under the FLSA. Defendant is also aware of the time spent performing the canine care activities described in Paragraph 18, and that such work time is performed in excess of the applicable overtime threshold under the FLSA. Further, Defendant is aware of its obligations under the FLSA to pay one and one-half times the regular rate of pay for all hours suffered or permitted to work in excess of the applicable overtime threshold under Section 7 of the FLSA, 29 U.S.C. § 207, and Defendant has violated the FLSA in a knowing, willful, unreasonable, reckless, and bad faith manner, *see* 29 U.S.C. § 207, within the meaning of 29 U.S.C. § 255(a), when it fails and refuses to compensate plaintiffs at the overtime rate for their overtime work performing canine care activities, as described in Paragraph 18.

**Failure to Pay Overtime for All Hours Plaintiffs Work Above the Applicable Overtime Threshold, in Violation of Sections 7(a) and 7(k) of the FLSA, 29 U.S.C. §§ 207(a), (k)**

24. Plaintiffs hereby incorporate by reference paragraphs 1 through 23 in their entirety and restate them herein.

25. Employees covered under the FLSA are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of the maximum hours set forth in 29 U.S.C. § 207.

26. At all times material herein, plaintiffs have been suffered or permitted to work in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207(a) and/or 29 U.S.C. § 207(k). As a result, at all times material herein, plaintiffs were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours they have worked in excess of 40 hours per workweek for plaintiffs working a Non-Platoon Schedule and in excess of 204 hours per 27-day work period for plaintiffs working a Platoon Schedule. 29 U.S.C. § 207(a); 29 U.S.C. § 207(k).

27. At all times material herein, Defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they have worked in excess of the FLSA's mandated threshold, thereby violating 29 U.S.C. § 207(a).

28. Specifically, in violation of 29 U.S.C. § 207(a), the Defendant has excluded canine care time from the plaintiffs' hours of work for purposes of

calculating overtime, instead paying them only straight time, as opposed to one-and-one half times the regular rate for those hours. This has resulted in plaintiffs regularly performing overtime work above the FLSA threshold without being paid the overtime pay required by law of either: (a) one and one-half times plaintiffs' regular rate of pay for all hours worked over 40 hours in a workweek for plaintiffs on Non-Platoon Schedules; or (b) one and one-half times plaintiffs' regular rate of pay for all hours worked over 204 in a 27-day work period pursuant to 29 U.S.C. § 207(k) for plaintiffs on Platoon Schedules.

29. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours they have worked in excess of the 40 hours per workweek, as specified in the FLSA, 29 U.S.C. § 207(a) and/or 29 U.S.C. § 207(k), wrongly deprives plaintiffs of the overtime compensation that has been due to them at all times material herein.

30. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant from plaintiffs for which Defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and the costs of this action.

31. As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are

in the exclusive possession, custody, and control of Defendant and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## **Prayer for Relief**

WHEREFORE, each plaintiff requests from the Court the following relief:

A. An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

B. Judgment against the Defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

C. Reasonable attorneys' fees and the costs and disbursement of this action; and

D. Such other and further relief as the Court deems proper.

## **Demand for a Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

| | |
|---|---|
| July 12, 2022 | Respectfully submitted, |
| | /s/ Diana J. Nobile |
| | Diana J. Nobile, Esq. |
| | (*Pro Hac Vice* to be Submitted) |
| | John W. Stewart, Esq. |
| | (*Pro Hac Vice* to be Submitted) |
| | McGillivary Steele Elkin LLP |
| | 1101 Vermont Avenue, N.W. Suite 1000 |
| | Washington, D.C. 20005 |
| | Telephone: (202) 833-8855 |
| | Facsimile: (202) 452-1090 |
| | Email: djn@mselaborlaw.com |
| | Email: jws@mselaborlaw.com |
| | |
| | /s/ Dana S. Martinez |
| | Dana S. Martinez, Esq. |
| | Bush Gottlieb, a Law Corporation |
| | 801 North Brand Boulevard, Suite 950 |
| | Glendale, CA 91203 |
| | Telephone: (818) 973-3204 |
| | Facsimile: (818) 973-3201 |
| | Email: dmartinez@bushgottlieb.com |
| | |
| | *Counsel for Plaintiffs* |